IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA FRANCO<br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PROTECTION SERVICE LP<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:19-cv-4116<br><br>JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, LISA FRANCO ("Franco" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of UNIVERSAL PROTECTION SERVICE LP ("Allied Universal" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, compensatory damages, mental anguish damages, punitive/exemplary damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for sex discrimination and sexual harassment suffered by Franco in the course of her employment with Defendant. Franco complains that she was discriminated against regarding the terms and conditions of her employment because of her female sex. Franco also asserts claims for retaliation because she was immediately terminated after engaging in a protected activity and opposing discrimination. These claims are brought under Title VII of the Civil Rights Act of 1964 (Title VII) and Chapter 21 of the Texas Labor Code (Chapter 21). Franco demands a jury on all issues triable to a jury.

## II. PARTIES

2. Franco is a citizen of the United States and is currently a resident of Bay City, Texas.

3. Defendant Allied Universal is a California Limited Partnership with its principal place of business at 161 Washington Street, Suite 600, Conshohocken, PA 19428. Defendant regularly conducts business in this judicial district, including in Harris County, Texas, and maintains offices in Kemah, Texas. Defendant's registered agent for service of process is CT Corporation System, who may be served at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III. JURISDICTION AND VENUE

4. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-2, *et. seq*. *See* 28 U.S.C. § 1331. Franco also asserts state law claims under Chapter 21. *See* 28 U.S.C. § 1367.

5. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

6. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## IV. PROCEDURAL REQUISITES

7. In October 2018, Franco filed a Charge of Discrimination (the "Charge") against Defendant under Charge Number 460-2018-05455 with the U.S. Equal Employment Opportunity Commission ("EEOC"). Per EEOC policy, the Charge was co-filed with the state agency (Texas Workforce Commission – Civil Rights Division). In her Charge, Franco asserted that Defendant

discriminated against her because of her female sex and that her supervisor sexually harassed her. Franco also asserted claims of retaliation because she was terminated after engaging in a protected activity and opposing the sex discrimination and sexual harassment. Franco later amended her charge to include co-employer OXEA Corporation. A final Notice of Right to Sue as to the Charge was issued by the EEOC on July 26, 2019. This suit is timely filed.

8. The EEOC has not yet completed its investigation as to Charge No. 460-2019-03878 (against OXEA). Franco anticipates amending her complaint to add OXEA as a defendant.

9. All conditions precedent to filing this complaint have been met.

### V. FACTS

10. Franco is a 48-year-old female.

11. Franco was hired by Initial Security on September 5, 2005. That company was then bought by Allied Barton and Allied Barton was later purchased by Allied Universal. Franco has been continuously employed by Allied Universal or its predecessor entities for more than a decade.

12. Franco's position was Security Guard although she was often asked to do non-security related tasks such as secretarial duties and logistics.

13. Her work location for the last thirteen years was at Oxea Chemicals in Bay City, Texas. Franco was supervised by both Allied Universal and Oxea employees. Franco reported to both.

14. At all times relevant hereto, Franco was an exemplary employee with positive performance reviews. She was fully qualified to perform her job.

15. In the Summer of 2018, a new supervisor arrived at Franco's work location. Almost immediately, the new supervisor (John Ochab, male) began using sexually inappropriate language around Franco. The inappropriate language progressed to sexually inappropriate conduct. Ochab

would use sexually suggestive language and gestures toward Franco, attempt to discuss his sexual practices with his girlfriend and other women he claimed to have been with, and engaged in unwanted touching of Franco such as kissing. Each time Ochab behaved in this manner, Franco would tell him to stop and informed him the behavior was unwanted and inappropriate. Ochab's conduct was repeated, pervasive, and severe. Franco just wanted it to stop. Until Ochab's arrival, Franco had not experienced an abusive working environment.

16. Some of the inappropriate comments and conduct of Franco's supervisor Ochab included (a) repeatedly telling Franco "I just love you;" (b) constantly referring to Franco as his "work wife;" (c) repeatedly referring to Franco as a "bitch" but then following up with "I love you;" (d) commenting "I wish I would have met you sooner in life before you were married;" (e) repeatedly telling Franco what a great body she had despite her age; (f) inviting Franco out on dates despite her repeated telling him no; (g) placing both of his hands on Franco's head and kissing her as she was bending over to pick something up; (h) commenting to Franco, "you look great in that uniform, but I bet you'd look sexier out of uniform;" (i) repeatedly asking what kind of lingerie Franco wore; (j) frequently commenting about "banging" his girlfriend on the couch and discussing the sexual acts she enjoyed; and (k) taking photos and video of Franco without her permission using his cell phone. Ochab's comments were based on or related to Franco's female gender.

17. When Ochab's inappropriate conduct did not stop, Franco reported it to Oxea Site Director Fred Gaytan on July 23, 2018. Gaytan then informed HR employee Betsy Ryan and Environmental Health & Safety (EHS) Manager Senthil Kumar. In making the report, Franco followed all company policies.

18.     On July 25, 2018, just two days after her report of sexual harassment and engaging in a protected activity, Franco was called into a meeting at the Oxea plant office to describe what happened. Franco described Ochab's sexual harassment and inappropriate conduct in great detail. The management employees at the meeting (Richard Walker and Lisa Collins) took notes but did not inform Franco of any complaint against her.

19.     On July 26, 2018, Franco was contacted by Richard Walker on her cell phone. She was instructed to report to the Allied Universal office in Kemah, Texas the following morning at 9am. The purported purpose of the meeting was "to discuss the sexual harassment incidents with HR in a more private atmosphere."

20.     The following morning, on July 27, 2018, Franco's employment was abruptly terminated. The employer cited "improper conduct multiple times and that [Franco] was warned that if the behavior continued [she] would be terminated." Franco never engaged in improper conduct. Franco was never warned. Until she reported Ochab's sexual harassment, she had not been subject to discipline. She was not asked about the sexual harassment at this meeting.

21.     Not only did the employers fail to investigate and stop Ochab's sexually harassing conduct, they terminated Franco in retaliation for her report of sexual harassment to management and her opposition of Ochab's improper conduct.

22.     Ochab's discriminatory actions were done in full view of other employees of Defendant including managers. Defendant knew or should have known of his behavior and took no action to stop it.

23.     As a direct and proximate result of Defendant's conduct, Franco has suffered damages including, but not limited to, back pay, front pay, mental anguish, attorney's fees, and costs of court. Franco also seeks damages for mental anguish and punitive/exemplary damages.

When a federal claim overlaps with a pendant state claim, the plaintiff is entitled to the maximum amount recoverable under either the federal or state claim. *Cryak v. Lemon*, 919 F.2d 320, 326 (5th Cir. 1990). As shown above, Defendant acted with malice or reckless indifference to Franco's rights.

## VI. CAUSES OF ACTION

### COUNT I – SEX DISCRIMINATION UNDER TITLE VII

24. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

25. Franco was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of her female sex.

26. Franco belongs to a protected class.

27. Franco was qualified for her position.

28. During the course of Franco's employment with Defendant, the Defendant, by and through its agents and employees, discriminated against Frnaco in the terms, conditions and privileges of employment in various way, in substantial part because of her sex, in violation of Title VII.

29. The above-mentioned unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's physical and emotional well-being, as well as her livelihood.

30. Defendant, through its agents, supervisors and employees, failed to adequately supervise, control, discipline, and/or otherwise penalize the conducts, acts and failures to act as described above.

31. Defendant failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

32. As a result of Defendant's discriminatory actions, Franco has suffered lost wages and benefits in the past and future, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Franco. In all probability, Franco will continue to suffer such damages in the future.

33. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the protected rights of Franco.

## COUNT II – SEX DISCRIMINATION UNDER CHAPTER 21

34. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

35. Defendant, through its agent, committed an unlawful employment practice when, because of Franco's female sex, it discriminated against her in connection with compensation or the terms, conditions, or privileges of employment. *See* Tex. Lab. Code 21.051.

## COUNT III – SEXUAL HARASSMENT

36. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

37. Franco was subject to unwelcome, offensive and sexually harassing discriminatory conduct during her employment with Defendant which was perpetrated by her supervisor, and this conduct was based upon and directed at Plaintiff by reason of her gender.

38. Defendant had actual knowledge of her supervisor's actions, or should have known, but Defendant failed to take appropriate corrective action, to Franco's detriment.

39. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Franco's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

40. As a direct and proximate result of the harassing and hostile sexual environment of Defendant, Franco suffered extreme humiliation, embarrassment and mental and physical anguish.

## COUNT IV – RETALIATION UNDER TITLE VII AND CHAPTER 21

41. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

42. Franco engaged in a protected activity when she reported sexual harassment and sex discrimination to her employer. Her employer improperly retaliated against her, in violation of Title VII and Chapter 21, when it terminated her employment because she opposed discrimination and engaged in a protected activity.

## VII. DAMAGES

43. As a result of Defendant's conduct, Franco seeks the following relief: (1) back pay, including, but not limited to, her salary, bonuses, and benefits; (2) front pay, including, but not limited to, her salary, bonuses, and benefits; (3) other actual and compensatory damages; (4) costs of court, expert fees, and attorneys' fees; (5) damages for mental anguish and emotional distress in the past and future; and (6) punitive damages.

44. Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to Franco's protected rights, Franco is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## VIII. JURY DEMAND

45.     Franco requests a trial by jury on issues triable by a jury in this case.

## IX. PRAYER

WHEREFORE, Plaintiff Lisa Franco respectfully prays that upon final trial hereof, the Court enter judgement in favor of Plaintiff, that this Court grant her appropriate back pay, including, but not limited to, her salary, bonuses, and benefits; front pay, including her salary, bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive/liquidated damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF
LISA FRANCO